09-1596-cv(L), 09-1828-cv(XAP), 09-2359-cv(CON)
Plofsky v. Giuliano

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3ʳᵈ day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES and
> RICHARD C. WESLEY,
> > *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALAN PLOFSKY,

> *Plaintiff-Appellee-Cross-Appellant*,

v.                                                                                  Nos. 09-1596-cv(L), 09-1828-
                                                                                      cv(XAP), 09-2359-cv(CON)

ROSEMARY GIULIANO, Ind., RICHARD VITARELLI, Ind.,
CHRISTOPHER SMITH, Ind., JOHN O'CONNOR, Ind., GARY
COLLINS, Ind., HELEN Z. PEARL, Ind., SCOTT STORMS, Ind.,
AND HUGH MACGILL, Ind.,

> *Defendants-Appellants-Cross-Appellees*,

---

[*] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate.  The appeal has been decided by the remaining two members of the panel, who are in agreement.  *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

STATE OF CT OFFICE OF STATE ETHICS,

*Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLEE-CROSS-APPELLANT:**

> GREGG D. ADLER (Nicole M. Rothgeb, *on the brief*), Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Harford, Connecticut.

**FOR DEFENDANTS-APPELLANTS-CROSS-APPELLEES:**

> MARGARET Q. CHAPPLE, Assistant Attorney General (Richard Blumenthal, Attorney General, *on the brief*), Office of the Attorney General, Hartford, Connecticut.

Appeal from a March 31, 2009 order of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED** in part and **REVERSED** in part, and the cause is **REMANDED**.

Alan Plofsky ("plaintiff") is the former Executive Director and General Counsel of the Connecticut State Ethics Commission ("SEC"). In 2004, the Commissioners of the SEC unanimously voted to terminate him from his position. He was later reinstated, with full back pay, by the state Employees' Review Board. He then brought this action for money damages under 42 U.S.C. § 1983 against the Commissioners who voted to terminate him ("defendants").

He alleged that defendants violated his rights under the Fourteenth Amendment to the United States Constitution by terminating him (and thereby "depriv[ing]" him of his "property") "without due process of law." *See* U.S. Const. amend. XIV, § 1. He also alleged that defendants violated his rights under the First Amendment to the United States Constitution by terminating him in retaliation for (1) his decision to hire an attorney to represent him during his disciplinary proceeding, (2) certain statements that he made about the manner in which the proceeding was being conducted, and (3) certain statements that his attorney made about the proceeding.

Defendants moved for summary judgment in the District Court arguing, among other things, that they were entitled to qualified immunity on each of plaintiff's claims. The District Court *granted* summary judgment to defendants with respect to the due process claim but *denied* summary judgment to defendants with respect to the First Amendment claim.

The District Court then certified that its grant of summary judgment to defendants with respect to the due process claim was appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b). We granted plaintiff's petition to hear that interlocutory appeal in a September 23, 2009 order.

In addition, defendants have appealed the District Court's denial of summary judgment with respect to the First Amendment claim insofar as the Court denied defendants' claim of qualified immunity. *See O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003) ("Under the collateral order doctrine, . . . the denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely on the resolution of questions of fact.").

Accordingly, in this appeal we address (1) whether the District Court erred in granting summary judgment to defendants with respect to the due process claim and (2) whether the District Court erred in denying qualified immunity to defendants with respect to the First Amendment claim. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

## I.      Due Process Claim

We review a district court's summary judgment rulings *de novo*. *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Undertaking that review, we affirm the District Court's grant of summary judgment to defendants with respect to the due process claim for substantially the reasons set forth in the District Court's orders of March 31, 2009 and May 20, 2009.[2]

## II.     First Amendment Claim

A court conducts a two-step inquiry in deciding whether to grant a government official's motion for summary judgment on qualified immunity grounds. First, the court asks whether "'the facts, viewed in the light most favorable to the plaintiff, show that the [official's] conduct violated a constitutional right.'" *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007) (quoting *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007)); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated on other grounds by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct. " *Pearson*, 129 S. Ct. at 816; *see also Gilles*, 511 F.3d at 243. "If the conduct did not violate a clearly established constitutional right, or if it was objectively reasonable

_____

[2] Although this order was dated May 19, 2009, it was entered on the docket on May 20, 2009.

for the [official] to believe that his conduct did not violate such a right, then the [official] is protected by qualified immunity." *Gilles*, 511 F.3d at 244.

Until recently, courts were required to perform the two-step qualified immunity inquiry in order, first asking whether the defendant violated a constitutional right and, only then, asking whether the right was "clearly established." *See Saucier*, 533 U.S. at 201. Following the Supreme Court's decision in *Pearson v. Callahan*, however, we may now exercise our discretion in deciding the order in which to conduct the qualified immunity analysis. 129 S. Ct. at 821.

Here, we exercise our discretion to move immediately to the second step of the qualified immunity analysis. Thus, we decline to address whether "the facts, viewed in the light most favorable to the plaintiff, show that [defendants'] conduct violated a constitutional right.'" *Gilles*, 511 F.3d at 244.

Instead, we determine that, even if defendants' decision to terminate plaintiff violated his First Amendment rights, those rights were not "clearly established" at the time that he was terminated. *Pearson*, 129 S. Ct. at 816. Defendants are therefore entitled to qualified immunity. *See id.*

"Whether speech by a public employee is protected from retaliation under the First Amendment begins with this question: 'whether the employee spoke as a citizen on a matter of public concern.'" *Huth v. Haslun*, 598 F.3d 70, 73-74 (2d Cir. 2010) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). In assessing whether an employee's speech involves "a matter of public concern," the "heart of the [inquiry] is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 189 (2d Cir. 2008) (quoting *Lewis v. Cowen*, 165 F.3d 154, 163-64 (2d Cir. 1999)).

Here there were many reasons to think that plaintiff's speech did not meet the legal definition of "on a matter of public concern." The complaints of plaintiff and his lawyer about the SEC's disciplinary proceeding were largely "'personal in nature and generally related to [his] own situation.'" *Huth*, 598 F.3d at 74-75 (quoting *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993)). Indeed, there is no indication that the complaints exposed "*pervasive or systemic* misconduct by a public agency," and the complaints were not "part of an overall effort . . . to correct allegedly unlawful practices or bring them to public attention." *Id.* at 75 (quotation marks omitted; emphasis added). We have previously held, in similar situations, that speech was *not* "on a matter of public concern." *See id.*; *see also Ruotolo*, 514 F.3d at 189.

Accordingly, even if contemporaneous newspaper reports suggested that there was, in fact, some public interest in the statements made by plaintiff and his attorney, it would *not* have been "clear to a reasonable [official]" in defendants' position that the speech at issue was on a matter of

4

public concern. *See Saucier*, 533 U.S. at 202. Indeed, on two occasions the District Court commented that "the question of whether [plaintiff's] claimed speech addresses a matter of public concern *is a close one.*" *Plofsky v. Giuliano*, No. 06-cv-0789, 2009 U.S. Dist. LEXIS 26566, at *30 (D. Conn. Mar. 31, 2009) (emphasis added); *see also Plofsky v. Giuliano*, No. 06-cv-0789, 2009 U.S. Dist. LEXIS 43565, at *7 (D. Conn. May 30, 2009) ("[T]he question of which, if any, of [plaintiff's] speech and conduct was on a matter of public concern was a close one."). Thus, even if plaintiff's First Amendment rights were "clearly established in certain respects," officials "'of reasonable competence could disagree' on" whether plaintiff's speech was protected by the First Amendment, and defendants are thereby entitled to qualified immunity. *Walczyk*, 496 F.3d at 154 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

## CONCLUSION

For the reasons set forth above, the District Court's March 31, 2009 order is **AFFIRMED** insofar as it granted summary judgment to defendants with respect to the due process claim and **REVERSED** insofar as it declined to grant defendants qualified immunity with respect to the First Amendment claim. The cause is **REMANDED** to the District Court for any further proceedings, consistent with this order, that may be necessary.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court